Mark Mausert
NV Bar No. 2398
729 Evans Avenue
Reno, NV 89512
(775) 786-5477
Fax (775) 786-9658
mark@markmausertlaw.com
*Attorney for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT**

**IN AND FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| JENNI CROSBY, | Case No.: |
| Plaintiff, | |
| vs. | **COMPLAINT AND JURY DEMAND** |
| I C.A.N. FOODS INCORPORATED, | |
| Defendant | |
| _____/ | |

COMES NOW plaintiff, through counsel, and hereby complains of defendant as follows:

<u>Jurisdiction, Venue & Jury Demand</u>

1. Plaintiff is a woman who is a resident of northern Nevada, i.e., Winnemucca, Nevada, and who commenced working for defendant in May of 2016, and who was terminated from defendant's employ on or about August 22, 2020.  All, or almost all, acts, statements and omissions herein alleged occurred in northern Nevada, i.e., in Winnemucca, where at plaintiff was previously employed by defendant.   Plaintiff has obtained a Notice of Right to Sue from the Equal Employment Opportunity Commission.  This Notice was issued on August 2, 2021. This Notice is attached hereto and incorporated in this Complaint and Jury Demand.  This Complaint and Jury Demand and is incorporate herein. This Complaint and Jury Demand is

timely filed in accord therewith.   Plaintiff hereby requests a jury trial relative to all issues so triable.

2. Defendant is a corporation, partnership, limited liability company, or some other entity, which plaintiff believes is recognized under the laws of the State of Nevada.  At all times herein mentioned defendant had at least fifteen full-time employees working at least twenty weeks per year.

3. This Court has subject matter jurisdiction over this case per 28 U.S.C. 1343.  The Court has subject matter jurisdiction because plaintiff is a woman who is alleging she was subject to a hostile work environment "because of sex" and retaliation because she opposed sexual harassment, in violation of 42 U.S.C. 2000e, et seq.

4. This Court has venue re this action pursuant to 42 U.S.C. 2000e-5(f)(3) because all, or almost all of the actions, statements and omissions which form the basis for this lawsuit occurred in northern Nevada, i.e., in the geographical area of this judicial District.

First Cause of Action
(Sexual Harassment)

5. Plaintiff hereby incorporates the allegations of paragraphs 1 through 4, inclusive, as well as all other paragraphs herein, as though the same had been fully stated.

6.  Plaintiff was employed by defendant in Winnemucca, Nevada, from approximately May of 2016 until August 22, 2020, in the capacity of a waitress. Throughout almost the entirety of her employment plaintiff was subjected to a sexually hostile work environment – one which a reasonable, hypothetical woman would have found to be offensive "because of sex". Plaintiff subjectively perceived and experienced the work environment to be offensive "because of sex".  Plaintiff's work environment was rendered hostile because of sex as the result of a repertoire of statements and conduct which included, but was not necessarily limited to the following: Sexual statements by General Manager, Sugey Salgado, e.g., statements about male genitalia; group texts, sent by General Manager Salgado which depicted male genitalia;

individual texts, directed at plaintiff of the same sort; open displays of inappropriate sexual intimacy, e.g., kissing, with another employee, by General Manager Salgado; etc.  The complained-of conduct was sufficient severe, pervasive and frequent as to cause the work environment to be permeated with hostile sexuality to the point at which the terms and conditions of plaintiff's employment were adversely altered.

7. Plaintiff repeatedly complained of the sexual hostile character of her work environment to another of defendant's managers, Front House Manager, Vanessa Coffee. Defendant did not promulgate an effective sexual harassment policy or maintain a reasonable reporting system.  Plaintiff's complaints were ignored and the work environment deteriorated.

8. As a direct and proximate result of being subject to a sexually hostile work environment plaintiff suffered loss of enjoyment of life, emotional distress, embarrassment and humiliation, feelings of anger and helplessness, and fear and intimidation.  It has been necessary for plaintiff to incur costs and retain counsel in order to seek to vindicate her right to a workplace free of hostile sexuality.

## Second Cause of Action

(Retaliation)

9.  Plaintiff hereby incorporates the allegations of paragraphs 1 through 8 as though the same were full stated herein.

10. Defendant terminated plaintiff in order to retaliate against her for her opposition to sexual harassment.

11. Any diminution or deficiency in plaintiff's work performance was directly and proximately caused by the sexual hostility and/or retaliatory hostility defendant allowed to permeate its work environment and defendant is therefore estopped from relying upon such as a basis for terminating plaintiff's employment.

12. As a direct and proximate result of being subject to retaliation plaintiff lost wages

and benefits and otherwise suffered as alleged herein.

WHEREFORE, plaintiff requests the following relief:

1. For an award of compensatory damages;

2. For an award of punitive damages sufficient to punish and deter defendant from engaging in similar conduct;

3. For an award of special or actual economic damages, according to proof;

4. For an award of costs and a reasonable attorney's fee; and

5. For injunctive relief to compel defendant to adopt and actually enforce a reasonable policy against sexual harassment and/or retaliation, and for whatever other relief the Court or jury may deem just.

DATED this 15th day of September, 2021.

/s/ Mark Mausert
Mark Mausert
NV Bar No. 2398
729 Evans Avenue
Reno, NV 89512
TELEPHONE:(775) 786-5477
FACSIMILE: (775) 786-9658
*Attorney for Plaintiff*

**INDEX OF EXHIBITS**

08/02/2021 Issued Notice of Right to Sue………..……………….…...………….…….................Exhibit 1

PLEADING TITLE - 1